IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAR VISION, INC. <br> 2626 W Main Street, <br> Trooper PA 19403 <br> *Plaintiff,* <br> v. <br><br> THE PHILADELPHIA <br> PARKING AUTHORITY <br> 701 Market Street, Suite 5400 <br> Philadelphia PA 19106, <br><br> THE CITY OF PHILADELPHIA <br> c/o Law Department <br> 1515 Arch St 15th Floor <br> Philadelphia PA 19107 <br><br> *Defendants.* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CASE NO.:   2:22-cv-01933 |

## **COMPLAINT**

Plaintiff, Car Vision, Inc, through undersigned counsel, alleges as follows:

### Introduction

**1.** This case revolves around a 2016 Audi A3 stolen from Car Vision's lot. Car Vision reported the theft to the Philadelphia Police Department. The police located the vehicle and impounded it while allowing the thief to go free, then transferred the vehicle to the Philadelphia Parking Authority which promptly sold it at an auction without giving Car Vision adequate notice to prevent the sale. As described more fully below, the PPA required a court order, the court required a police report, and the police only provided reports via written requests

that took 10-12 weeks to process. Despite knowing this, the PPA sold the car after only about a month following their notice to Car Vision – a woefully inadequate time to complete the lengthy police report procedure. During the court proceeding allowing the sale, the PPA misrepresented to the court that they provided adequate notice to Car Vision. As a result of Defendants' actions, Car Vision was unable to retrieve the Audi and remains uncompensated for its loss.

## Parties

2.  Plaintiff is Car Vision, Inc. ("Plaintiff"), is a Pennsylvania corporation doing business as a car dealership with a corporate address of 2626 W Main Street, Trooper PA 19406.

3.  The Philadelphia Parking Authority (hereinafter, the "PPA" or "Defendant PPA") is an agency or quasi agency of the City of Philadelphia.

4.  Defendant, the City of Philadelphia (the "City" or "Defendant City"), is a municipal entity within the Commonwealth of Pennsylvania.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it arises under 42 U.S.C. §1983 and the Constitution of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) because this civil action is authorized by law to be commenced to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

6.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy. Those claims do not raise novel or complex issues of state law nor do they substantially predominate over the claims over which this Court has original jurisdiction.

7. Personal jurisdiction over each defendant is authorized under 42 Pa. Cons. Stat. § 5301 because, among other reasons, upon information and belief, each defendant is domiciled within Pennsylvania. Personal jurisdiction over each defendant comports with the due process requirements of the U.S. Constitution and does not offend traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S. C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because, among other reasons, upon information and belief, a defendant resides in this District.

## Background

9. Plaintiff, doing business as a car dealership, maintains certain lots where its cars are stored, including a lot located at 6729 Essington Avenue, Philadelphia PA.

10. Before dawn on October 13, 2020, Plaintiff reported to police the theft of multiple vehicles from the Essington Avenue location. A true and correct copy of the police report, dated 10-13-2020 and timed 4:17am, is attached hereto, incorporated herein, and marked Exhibit A.

11. In the evening of October 13, 2020, at approximately 9:00pm, agents of the police department of Defendant City stopped one of the vehicles stolen from Plaintiff, a 2016 Audi A3 Sedan (the "Audi"), operated without headlights by an unlicensed driver identified by Defendant City, as Ahmere Bolden. For reasons unknown, Defendant City did not arrest Mr. Bolden, but did impound the Audi and had it towed to Defendant PPA. A true and correct copy of the police report, entitled "Live Stop Towing Report" and dated 10-13-2020 and timed 9:00pm, is attached hereto, incorporated herein, and marked Exhibit B.

12. Car Vision was the lawful owner of the Audi.

13. On October 19, 2020, Plaintiff was informed by Defendant City that the stolen Audi had been recovered and towed to Defendant PPA.

14. On October 20, 2020, Plaintiff sent an employee to Defendant PPA to pick up the Audi and PPA stated to Plaintiff's employee that, because it was a "live stop" tow, Plaintiff would have to obtain a release Order from Traffic Court, and PPA retained custody and control of Plaintiff's property, refusing to return the Audi to Plaintiff.

15. Plaintiff then went to Traffic Court and requested the release Order, but Traffic Court refused, stating on information and belief that a police report was required to obtain a release Order to establish that the vehicle was stolen.

16. Plaintiff then sought the police report, but was informed by Defendant City that the only way to obtain the report would be to apply by mail. The police report application form states, "please allow ten to twelve weeks … before making inquiries." Plaintiff submitted the application form on or about October 27, 2020. A copy of the police report application form is attached as Exhibit C.

17. On November 18, 2020, while still waiting for the police report to arrive, Plaintiff contacted Defendant PPA to inquire about return of the Audi, whereupon Defendant PPA told Plaintiff that it had sold the Audi at an auction.

18. Defendant City, after being made aware that the subject property had been stolen from Plaintiff, acting under color of state law, seized Plaintiff's property and failed to return it to Plaintiff but instead delivered it to Defendant PPA, which in turn, after being made aware that the subject property had been stolen from Plaintiff, also acting under color of state law, not only refused to return it to Plaintiff, but sold it.

19. Defendant PPA and Defendant City imposed unduly onerous conditions Plaintiff would be required to satisfy to get the release of the Audi, including obtaining a release Order and a police report, over which Defendant City had exclusive control and made so unreasonably time-consuming as to make it impossible for Plaintiff to recover its property before it would be sold at an auction. While Defendant City asks that Plaintiff "please allow ten to twelve weeks" to obtain a police report required to recover Plaintiff's stolen property from Defendant PPA via a court order, Defendant PPA auctions off Plaintiff's property in a fraction of that time.

20. In essence, by taking the above-described actions, Defendant City and Defendant PPA took the property from the thief – ostensibly protecting Plaintiff's property rights – but then turned around and violated those very same rights regarding that very same property in that very same way, by precluding Plaintiff from recovering the property, and instead selling it at an auction.

21. Defendants violated the requirements set forth in the Pennsylvania Motor Vehicle Code at 75 Pa. C.S.A. §6309.1 which, in pertinent part, provides:

> In cities of the first class, The Philadelphia Parking Authority shall give immediate notice by first class mail, proof of mailing, of the impoundment and location of the vehicle or combination to the owner and the lienholder of the vehicle … The owner of any vehicle or combination which has been impounded under this section may obtain possession of the vehicle or combination by … furnishing proof of valid registration and financial responsibility; and … paying all fines and costs associated with the impoundment of the vehicle or making arrangements with the appropriate judicial authority to make payments of all fines and costs by installments … Any vehicle or combination not recovered under this subsection may

be sold as an unclaimed vehicle, combination or load under section 6310 (relating to disposition of impounded vehicles)."

22. Defendants also violated the notice requirements set forth in the Pennsylvania Motor Vehicle Code at 75 Pa. C.S.A. §6310, which reads in pertinent part:

> (d) Sale of unclaimed vehicle … in cities of the first class. In case any impounded vehicle … is unredeemed … for a period of 15 days after notice of impoundment is given, it shall be sold at a public sale by the Philadelphia Parking Authority upon order of the issuing authority and after ten days' notice of the sale to the owners, lienholders or secured parties of the vehicle …"

23. Defendant PPA, in violation of §§6309 and 6310, never issued any "Impoundment Notice" to Plaintiff, and never gave Plaintiff notice of, nor any chance to respond to, any petition Defendant PPA filed for permission to sell the Audi at public sale. Moreover, on information and belief, Defendant PPA falsely reported the status of notice to Plaintiff to the "issuing authority" that granted Defendant PPA permission to sell the stolen Audi at auction, as Plaintiff never received notice.

24. By failing to give Plaintiff notice of the proceedings wherein Defendant sought permission to sell Plaintiff's property at public sale, Defendant violated not only the Pennsylvania Code and the Motor Vehicle Code, but also violated Plaintiff's rights under the United States Constitution as well as the Pennsylvania Constitution.

25. At all times, the Defendants acted intentionally, willfully, maliciously, and in callous and deliberate indifference to Plaintiff's rights under federal and state law.

26. Plaintiff has suffered damages and injuries as a result of, and caused by, the Defendants' actions, including but not limited to the loss of and loss of use of the stolen property.

27. The Defendants' dominion or control over Plaintiff's property was, and continues to be, in violation of Plaintiff's rights to the property.

28. By letter dated March 2, 2021, Plaintiff served notice pursuant to 42 Pa.C.S. §5522, upon the PPA and all other necessary parties of intent to bring suit, and that the value of the Audi was $22,400.00 (see Exhibit D).

## COUNT I
## 42 U.S.C. §1983
**Plaintiff against City of Philadelphia and Philadelphia Parking Authority**

29. Plaintiff incorporates herein by reference the preceding allegations of this complaint.

30. Acting under color of State law, Defendants negligently failed to instruct, supervise, control and discipline their employees of their duties to refrain from:

   a. conspiring to violate the rights, privileges and immunities guaranteed to citizens and residents by the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Pennsylvania; and

   b. otherwise depriving citizens and residents of their constitutional and statutory rights, privileges and immunities.

31. Upon information and belief, Defendants had actual knowledge that their agents, servants, workmen and employees, frequently had committed acts substantially similar to those described in this Complaint, but failed to diligently exercise their responsibilities to instruct,

supervise, control, discipline their agents. Defendants knew or should have known that deprivations of constitutional rights and violations of laws alleged herein were likely to continue to take place. Defendants had power to prevent or aid in the prevention of the commission of said wrongs, could have done so with reasonable diligence, but grossly and recklessly neglected, failed or refused to do so.

32. Defendants had authority to, and in fact were required by statute and ordinance of the Commonwealth of Pennsylvania to exercise due diligence to instruct, supervise control and discipline their agents on a continuing basis, but intentionally, recklessly or negligently failed to do so as required by law and ordinance.

33. Defendants, directly or indirectly, acting under color of state law, approved or ratified the unlawful, deliberate, and wanton conduct of their agents herein by failing to exercise their duties and responsibilities, as aforesaid.

34. The acts and omissions of defendants constitute intentional conduct or gross negligence under 1983, 1985 and 1986 of Title 42 of U.S. Code.

35. As a direct and proximate result of the acts, conduct and omissions of the Defendants as set forth above, Plaintiff suffered deprivation of constitutional and statutory rights guaranteed by the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by Title 42 United States Code, section 1983, 1985 and 1986 and the Constitution and the laws of the Commonwealth.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensatory and punitive damages, reasonable attorney's fees and cost of this action.

**COUNT II**
**Conversion (Pursuant to State Law)**
**Plaintiff against the City of Philadelphia and Philadelphia Parking Authority**

36.   Plaintiff hereby incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

37.   Upon information and belief, prior to the occurrence of any of the incidents described herein, Defendants, PPA and the City, had developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of vehicle owners, which caused the violations of the rights of Plaintiff herein.

38.   Upon information and belief, it was the policy and/or custom of the Defendants, PPA and the City, to inadequately and improperly investigate citizen complaints of misconduct, and acts of misconduct were instead tolerated.

39.   Upon information and belief, it was the policy and custom of Defendants, PPA and the City, to inadequately supervise and train its agents, thereby failing to adequately discourage further constitutional violations. The Defendants did not require appropriate in-service training or re-training of their agents and officers who were known to have engaged in misconduct.

40.   Upon information and belief, as a result of the above-described policies and customs, agents and officers of Defendants, the City and the PPA, believed that their actions would not be properly monitored by supervisory officials and that misconduct would not be investigated or sanctioned, but would be tolerated.

41.   The above-described policies and customs demonstrated a concerted and orchestrated deliberate indifference on the part of policymakers of Defendants, the City and the

PPA, to citizens' constitutional rights, and were the cause of violations of the Plaintiff's' rights herein alleged.

42. The Defendants had a common purpose to do the aforesaid unlawful acts, or lawful acts by an unlawful means or for an unlawful purpose.

43. The Defendants each committed one or more overt acts in pursuit of their common purpose.

44. Plaintiff suffered actual legal damages as a direct and proximate result of Defendants' working in concert to violate Plaintiff's civil rights.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally for compensatory and punitive damages, reasonable attorney's fees and cost of this action.

## COUNT IV
## 42 U.S.C. § 1988
### Plaintiff against City of Philadelphia and Philadelphia Parking Authority

45. Plaintiff hereby incorporates each and every preceding paragraph of this Complaint as though fully set forth herein.

46. The Parking Authority, as set forth above, deprived Plaintiff of its property without due process of law, under color of Pennsylvania law.

47. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to recover reasonable attorneys' fees for the costs of bringing this action.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Reasonable attorney fees and costs; and

    d. Such other and further relief as appears reasonable and just.

                                                    Respectfully submitted,

                                                    CAR VISION, INC.

By: /s/ Nicholas Daller

                                                    Nicholas Daller, Esquire
                                                    In-House Counsel
                                                    2626 W Main St.
                                                    Trooper, PA 19403
                                                    Phone: (484) 672-1734
                                                    Ndaller@carvision.com

Date: 5/17/2022